UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

M& M GIFT SHOWS, LLC, )
    Plaintiff, )
     )
v. ) No. 3:04-CV-125
     ) (Phillips/Shirley)
CONVENTION & VISITORS BUREAU OF )
PIGEON FORGE, et al., )
    Defendants. )

## ORDER

A final pretrial conference was held in this case on September 21, 2005. The parties have filed a number of pretrial motions which will be addressed in this order.

### I

Defendants have moved to bifurcate the trial of plaintiff's claims for punitive damages pursuant to the procedure set forth in *Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896 (Tenn. 1992). Plaintiff does not oppose the motion. Accordingly, defendants' motion [Doc. 85] is **GRANTED.**

### II

Defendants have moved to exclude any and all references, descriptions or statements labeling, inferring or attributing any act of the defendants as "extortion." The words "extort" and "extortion" are terms of art relating to criminal activity which the court

finds highly prejudicial. Defendants' motion [Doc. 87] is **GRANTED** to the extent that counsel is prohibited from using the terms "extort" and "extortion" in questioning witnesses. The court will **RESERVE** ruling upon the admissibility of exhibits which contain the terms "extort" or "extortion" until such time as they are introduced at trial.

### III

Defendants have moved to exclude evidence relating or referring to the "Grand Rod Run" and related testimony of Jim Stallsworth or others [Doc. 89]. Defendants' motion to exclude the evidence is **GRANTED** at this time. However, the evidence may be used by plaintiff in rebuttal should it become relevant.

### IV

Defendants have moved to exclude evidence referring to allegations that Ken Seaton, Sr., wiretapped or attempted to wiretap conversations with Laurel Seaton [Doc. 91]. Defendants' motion to exclude the evidence is **GRANTED** at this time. However, the evidence may be used by plaintiff in rebuttal should it become relevant.

### V

Plaintiff has objected to defendants' proposed Jury Instruction No. 4, which states:

> Where a party claiming duress had access to independent counsel at the time it entered the transaction in question, it becomes more difficult to demonstrate the element of compulsion necessary to a finding of duress.

The court has reviewed the applicable case law cited by defendants. The statement is not a holding of the district court in *Regent Partners, Inc., v. Parr Dev. Co., Inc.,* 960 F.Supp. 607 (E.D.N.Y. 1997) but merely *dicta*. The parties have cited no cases in the Sixth Circuit, and the court has found none, which adopt this statement as a rule of law. Therefore, the court declines to include this instruction in the jury charge in this case.

**IT IS SO ORDERED.**

                                    **ENTER:**

                                    s/ Thomas W. Phillips
                                    United States District Judge